Burks, J.
On the 30th day of September, J 867, W. H. Dillard sued out of the clerk’s office of the circuit court of Sussex county a summons in debt on a single bill against R. E. Thornton, returnable to the next succeeding rules the first Monday in October. The summons was duly executed on the 3d of October and returned, and the plaintiff filed his declaration at the return day. The defendant not appearing, a conditional judgment was entered against him, which was confirmed at the succeeding rules held on the last Monday in October, because the next term of the circuit court of Sussex commenced on the 29th day of October, which was the Tuesday preceding the first Monday in November, *and final judgment was entered against the defendant as of the 31st day of October, which, it is supposed, was the last day of the term of said circuit court, although it is not so stated in the record.
On this judgment a writ of fieri facias was issued on the 4th day of November, 1867, under which there was a levy by the sheriff and the judgment partly satisfied. Several other executions were afterwards issued from time to time, which proved fruitless. The last was issued on the 12th day of October, 1871, and at the same time, upon a suggestion by the plaintiff, that by reason of the lien of his execution, there was a liability on certain parties named, a summons was issued against them to answer the suggestion at the next term of the court. The summons was returned duly executed, and at the then next term, to-wit: on the 25th day of October, 1871, on the motion of Thornton, the court annulled the judgment of the 31st of October, 1837, and quashed the executions and all the proceedings had under the said judgment.
At the term of the court held in April, *476 1873, Dillard, on proof of notice duly given, made a motion to correct the judgment rendered on the 35th of October, 1871, which motion was overruled, and he excepted.
A writ of error from this court was allowed Dillard to the judgment of the 35th of October, 1871,
The court is" of opinion that the judgment aforesaid rendered as of the 31st day of October, 1867, is erroneous.
Among the provisions of chapter 167, Code of 1873, are the following:
“§ 45. Every judgment entered in the office in a case wherein there is no order for an inquiry of damages, and every non-suit or dismission entered thereon, shall, if not previously set aside, become a final judgment, if *the case be in the circuit court, of the last day of the next term, or the fifteenth day thereof (whichever shall happen first), and if it be in a county or corporation court, of the last day of the next term designated for the trial of civil cases in which juries are required, and have the same effect by way of lien or otherwise as a judgment rendered in the court at such term. * * * * *
“§ 46. If a defendant, against whom judgment is entered in the office, shall, before it becomes finel, appear and plead to issue, it shall be set aside, unless an order for inquiry of damages has been executed, in which case it shall not be set aside without good cause. * * * *.”
Under and by virtue of these two sections taken alone, the judgment entered in the office on the last Monday in October, 1867, would have become a final judgment as of the last day of the next term of the court, to-wit: the 31st day of October, 1867. The summons was in legal form, duly ex-, ecuted and properly returned. The orders entered at rules and all the proceedings in the office were regular, and had terminated in the confirmation of the conditional judgment before the commencement of the term. It was the duty of the clerk to put the cause on the court docket for the said term. Code of 1873, ch. 173, § 1.
But it is further provided by the Code, ch. 166, § 6, last clause, that “no judgment by default, on a scire facias or summons, shall be valid, if it become final within one month after the service of such process.” The preceding clause of the section provides that a summons or scire facias may be served as a notice is served, that is by delivery of a copy to the party in person, or if he be absent from his usual place of abode by delivery of copy and giving information of purport to certain other persons at such place, or in the absence of the party and such persons by putting a copy at the front door of said *place. Previous to the revision of the law in 1849, personal actions were commenced by writ of capias ad respondendum, which was executed by arrest of the defendant, where bail was demanded as matter of right, and by personal notice where no bail was demanded. Bail of right being abolished, the summons was substituted for the capias as the process for the commencement of a suit, (ch. 166, § 5), and as actual personal service was dispensed with under certain circumstances, and, thus judgments, by default, might be recovered upon constructive notice merely, which might take parties by surprise and work injustice, it was, for these reasons, probably deemed wise by the re-visors to fix a period within which no final judgment by default should be recovered.
The judgment annulled by the circuit court was a judgment by default, and purports to be a final judgment within one month from the date of the service of the summons. Under the section, therefore, last cited, (§ 6, ch. 166,) the judgment cannot be valid, although, according to the letter of the section cited from chapter 167, it must have become final within one month from the service of the summons.
It is a settled rule of construction that all statutes in pari materia should be read and construed together, as if they formed parts of the same statute and were enacted at the same time, arid where there is a discrepancy or disagreement among them, such interpretation should be given as that all may, if possible, stand together. Potter’s Dwarr. Stat. and Con. 144, 145.
The rule applies with peculiar force in the construction of a statutpry code to the several parts thereof which relate to the same subject matter, were conceived by the same minds, prepared by the same hands, and were adopted at the same time by the same legislative body.
*These sections of the Code, in the points of apparent disagreement, are now substantially as they came from the hands ®f the revisors, and the only way to give effect to section 6 of chapter 166, is to construe it as in the nature of a proviso to section 45 of chapter 167. The latter section gives the general rule, the former the limitation or exception. Thus construed, all judgments in the office become final at the next term of the court, except those in which the process commencing the suit has not been served at least one month before the end of such term. These last cannot become final at such term, notwithstanding the language of section 45, chapter 167, because section 6, chapter 166, expressly declares that if they become final they “shall not be valid,” which is in effect to provide that they shall not then be final. It must have been intended, therefore, that they should become final at the first term after the expiration of “the month from the service of the process.” Under this construction, which we deem the correct one, the judgment, which was entered in the office on the last Monday in October, 1867, did not become final on the 31st day of October, 1867, and it was error so to enter it. The cause should have been replaced on the docket at the next succeeding term of the court, when the office judgment, if not set aside as allowed by the statute, would have become a final judgment as of that term.
The court is further of opinion that there *477 is no error in the judgment of the said circuit court rendered on the 25th day of October, 1871, in so far as it annuls the judgment aforesaid of the 31st of October, 1867, and vacates all the proceedings thereunder; but it is erroneous in not reinstating the cause on the docket, with liberty to the defendant to plead and to set aside the office judgment on the usual terms, the judgment to become final *in case of his failure to set it aside. Green v. Skipwith, 1 Rand. 460.
It is assigned as error that the judgment complained of was rendered in a collateral proceeding between the creditor and the garnishees. There is nothing in this objection. The judgment debtor had a direct interest in that proceeding, and had the right to appear and defend it, and if the judgment on which the proceeding was based was invalid, he had the further right, on his own motion, to have it vacated, and the summons of garnishment quashed.
Rut it is further objected that the motion was without notice. The notice to reverse or correct a judgment by default, or to quash an execution, is not required to be in writing. All that is required is, that it must be a “reasonable notice.” Code ot 1873, ch. 177, § 5; ch. 183, § 40. What is a reasonable notice depends on circumstnces. In this case it appears by the record that the parties to the motion “appeared by their attorneys,” and “the said motion being maturely considered by the court,” it was ordered “that the execution aforesaid, together with the judgment and all the proceedings thereunder, be quashed.” Tt does not appear that any objection was made or exception taken because the notice was not sufficient, or not reasonable. It is too late to make the objection here, when none was made in the court below. Ballard & ais. v. Whitlock, 18 Gratt. 235.
The court is further of opinion that there was no error in the judgment of the said circuit court rendered on the - day of April, 1872, overruling the motion of the plaintiff in error to correct the :"dgment of the 25th of October, 1871. The court had no jurisdiction to set aside said judgment or to correct it. The motion was based upon the idea, we suppose, that the last named ^judgment was a judgment by default, and if erroneous, that it might be corrected under § 5, ch. 177 of the Code. But, as already stated, it was not a judgment by default. The parties “anoeared by their attorney.”
The court is of opinion, for the reasons stated, that the said judgment of the 25th day of October. 1871, so far as the same is hereinbefore declared to be erroneous, should be reversed and the residue thereof affirmed; and that the cause should be remanded to the circuit court of Sussex county, with directions that it be reinstated on the docket of said court, and for further proceedings to be had therein according to law and in conformity to this opinion.
The other judges concurred in the opinion of Burks, J.
The judgment was as follows:
This day came' again the parties by their counsel, and the court having maturely considered the transcript of the record of the judgment aforesaid and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that there is no error in said judgment in so far as it vacates and annuls the judgment of the said circuit court of the 31st day of October, 1867, and quashes the executions issued thereon and all the proceedings had under said judgment; but the court is further of opinion that the said judgment is erroneous in not reinstating the cause upon the docket of the said circuit court with liberty to the defendant to plead to issue and set aside the office judgment entered in the cause, if so advised, the said office judgment to become final in case of his failure to set it aside. It is therefore considered that so much of the said judgment of the 25th day of October, 1871, as is herein before declared to be *erroneous, be reversed and annulled, and the residue thereof be affirmed; and that the defendant in error pay to the plaintiff in error, as the party substantially prevailing here, his costs by him expended in the prosecution of his writ of error aforesaid here. And this cause is remanded to the said circuit court, with directions that the same be reinstated on the docket of said court, and otherwise proceeded in according to law and in conformity to the opinion and principles hereinbefore declared; which is ordered to be certified to the said circuit court of Sussex county.
Judgment reversed.